The STATE OF CALIFORNIA, a Sovereign State, et al., Appellants,

v.

Caspar W. WEINBERGER, Secretary of the United States Department of Health, Education and Welfare, et al., Appellees.

No. 75–1554.

United States Court of Appeals, Ninth Circuit.

June 19, 1975.

John J. Klee, Jr., Deputy Atty. Gen. (argued), San Francisco, Cal., for appellants.

Michael Stein, Dept. of Justice (argued), San Francisco, Cal., for appellees.

OPINION

Before KOELSCH, BROWNING, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

This case is a companion of *County of Alameda v. Weinberger* (9th Cir. (1975) 520 F.2d 344, decided today. In September 1968, pursuant to a recommendation by the United States Department of Health, Education, and Welfare ["HEW"], plaintiffs instituted a new method of computing and allocating the State's costs in administering its federally-funded food stamp programs. Plaintiffs claim and defendants deny that HEW approved the new method. In September 1971, an audit of California's

food stamp programs resulted in a decision by HEW to require the State (1) to revise its method of computing and allocating the relevant costs and (2) return to the federal government $3,279,520 in "overpayments" to the State caused by California's allegedly faulty cost-allocation method. HEW further decided that it would recoup its overpayments by deducting that amount from its current quarterly payments to California of the federal share of the costs of the food stamp programs.

The State and the other plaintiffs sued to enjoin HEW from withholding the funds. Upon HEW's motion, the district court dismissed the suit for lack of jurisdiction of the subject matter, and plaintiffs appeal. Plaintiffs contend: (1) that HEW may not *retroactively* disapprove a state welfare plan (or any part thereof) previously approved; and (2) that the accounting technique used by HEW in concluding that there were overpayments is invalid. Plaintiffs do not dispute here HEW's authority to require, prospectively, the adoption by the State of a new cost-allocation method.

The parties to this case treat HEW's disapproval of the disputed cost-allocation method and the attendant deduction as a "disallowance" under 42 U.S.C. § 1316(d). HEW argues, and the district court agreed, that § 1316(d) disallowances are not subject to judicial review under the Administrative Procedure Act because section 1316, considered as a whole, "preclude'[s] judicial review." (5 U.S.C. § 701(a)(1).) We have considered that argument and have today rejected it in *County of Alameda v. Weinberger, supra,* 520 F.2d at 349.

The district court did not reach the merits, nor do we. However, to maintain the status quo, we will continue in force our temporary order compelling HEW to refrain from withholding the claimed overpayments until the cause is presented to the district court.

Reversed and remanded for further proceedings consistent with the views herein expressed.